CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

October 26, 2026

LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

| | | |
|---|---|---|
| **NICHOLAS HADGES,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:26CV00051 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **SIDNEY KOLB,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Respondent. | ) | |

*B. Laken Shuler, BRUCE H. RUSSELL, II, P.C., Lebanon, Virginia, for Petitioner.*

The petitioner, Nicholas Hadges, by counsel, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his May 2025 conviction by the Circuit Court of Lee County, Virginia, claiming ineffective assistance of counsel. Hadges has simultaneously filed a Motion to Stay Federal Habeas Proceeding and Hold Petition in Abeyance (Motion). Upon review, I conclude that the petition must be summarily dismissed without prejudice because Hadges has not exhausted his state court remedies, and the Motion will be denied.[1]

Absent a valid excuse, a state prisoner must exhaust his available remedies in the state courts before seeking habeas relief in federal court. 28 U.S.C.

[1] Under Rule 4(b) of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition when it appears from the petitioner's submissions that he is not entitled to relief.

§ 2254(b)(1)(A). The petitioner bears the burden of proof to show that he has exhausted state court remedies. *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994). Exhaustion requires a petitioner to present the facts and argument of his federal constitutional claims properly to the appropriate state courts up to the highest state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). A habeas petitioner in Virginia must "present the same factual and legal claims raised in his § 2254 petition to the [Supreme Court of Virginia] either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition." *Kent v. Kuplinski*, 702 F. App'x 167, 169 (4th Cir. 2017) (unpublished) (citing *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587 (E.D. Va. 2006). Whichever route he follows, he must ultimately present his claims to the Supreme Court of Virginia and receive a ruling before a federal district court can grant relief under § 2254.

Hadges admits that he has not exhausted his state court remedies and requests the opportunity to do so. Indeed, he "may still yet obtain relief" in the state system. *Hicks v. Frame*, 145 F.4th 408, 419 (4th Cir. 2025). Accordingly, Hadges's § 2254 petition will be dismissed without prejudice to allow him to pursue state court remedies. If Hadges is unsuccessful in state court, he may refile his federal habeas petition. *See, e.g.*, *Hill v. Walters*, No. 7:26cv00529, 2026 WL 2042867, at *1 (W.D. Va. July 15, 2026) (dismissing a habeas petition without prejudice based on a

petitioner's failure to exhaust state court remedies and allowing him the opportunity to refile a federal petition if unsuccessful in state court).

It follows that his Motion will be denied. *See Lovings v. Warden-Rosp*, No. 7:11-cv-00325, 2012 WL 525482, at *3 (W.D. Va. Feb. 15, 2012) ("A district court should not permit stay and abey when it would undermine § 2254's mandatory two-step process of exhausting state court remedies before pursuing federal habeas relief.") (citing *Rhines v. Weber*, 544 U.S. 269, 277 (2005)). Although Hadges requests that the petition be stayed and held in abeyance in consideration of the applicable limitations period, the one-year limitations period is tolled when a petitioner properly files an application for state post-conviction or other collateral review. 28 U.S.C. § 2244(d)(2). Thus, § 2244(d) "encourages petitioners to first properly file their claims in state courts to receive statutory tolling of the time to file their federal § 2254 habeas petitions." *Id.* at *3 n1.

Finally, a certificate of appealability will be denied, considering that Hadges has not made the requisite showing of a denial of a constitutional right, nor has he shown that reasonable jurists would find the court's procedural ruling to be debatable or wrong. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). A separate Judgment will be entered.

ENTER: October 26, 2026

/s/ JAMES P. JONES
Senior United States District Judge